## OPTIONS FOR SENIOR AMERICA CORP., Plaintiff,

v.

## UNITED STATES of America, Defendant.

### No. Civ. A. PJM 97–2482.

United States District Court,
D. Maryland.

July 14, 1998.

Kenneth R. West, Harry C. Storm, Abrams, West & Storm, Marc R. Feinberg, West & Feinberg, Bethesda, MD, for Plaintiff.

Gregory S. Hrebiniak, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

## *OPINION*

MESSITTE, District Judge.

### I.

Plaintiff Options for Senior America Corp. (Options) is a corporation licensed by the State of Maryland as a "Residential Service Agency" to provide non-skilled home aides for the elderly.[1] In this suit it seeks a refund of employment taxes assessed by the Internal Revenue Service (IRS) pursuant to a 1995 audit. Options has moved for summary judgment. Having considered the opposition of the IRS and oral argument of the parties, the Court will GRANT Options' Motion.

### II.

An employer is required to withhold from wages paid to its employees income taxes (26 U.S.C. § 3402(a)) and the employee's share of FICA (Social Security) taxes (26 U.S.C. §§ 3101, 3102(a)). In addition, the employer must pay its own share of FICA taxes (26 U.S.C. § 3111) and FUTA (federal unemployment insurance) taxes (26 U.S.C. § 3306(b)). These taxes are known collectively as "employment taxes." An employer which treats its workers as independent contractors, on the other hand, is not liable for employment taxes. See Section § 530 of the Revenue Act of 1978, (not codified but reproduced in notes following I.R.C. § 3401); *Hospital Resource Personnel, Inc. v. United States,* 68 F.3d 421 (11th Cir.1995). In that event, the employer's responsibility ends with the filing of information returns indicating the amount the workers received from the employer during the year.

---

1. Such aides are generally known as "certified nursing assistants" or "home health aides" and will be referred to as "aides"

In the present case, Options contends that it properly treated its aides as independent contractors while IRS contends that the aides were and are employees. The IRS seeks to hold Options liable for employment taxes in the amount of $947,663.50 for the period 1993 to 1995, the years covered by the audit. Options paid a portion of the divisible assessment representing one "employee's" share of the alleged taxes for each covered quarter and sued for a refund for each portion paid. The IRS disallowed the claims and this suit followed. The IRS has counterclaimed for the balance of the amounts due.

## III.

Options relies on the "safe haven" provision found in § 530 of the Revenue Act of 1978 (the "1978 Act"), which provides in pertinent part:

> (a) TERMINATION OF CERTAIN EMPLOYMENT TAX LIABILITY.—
>
> (1) IN GENERAL.—If—
>
> (A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee . . . , and
>
> (B) . . . all Federal tax returns (including information returns) required to be filed by the taxpayer . . . are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then . . . the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

Section 530(a)(2) provides in relevant part:

> (2) STATUTORY STANDARDS PROVIDING ONE METHOD OF SATISFYING THE REQUIREMENTS OF PARAGRAPH (1).—For purposes of paragraph (1), a taxpayer shall in any case be treated as having a reasonable basis for not treating an individual as an employee . . . if the taxpayer's treatment of such individual . . . was in reasonable reliance on any of the following:
>
> . . .

> © long standing recognized practice of a significant segment of the industry in which such individual was engaged.

Options seeks protection under this "safe haven" provision on the grounds that it has met the "filing and consistency" requirement of § 530(a)(1), and has acted in reasonable reliance on a "long standing recognized practice" within the industry under § 530(a)(2)(C). In support of the latter contention, Options submits that before opening for business it conducted a survey of between 20 and 30 competitors in the Metropolitan D.C. area which provided only unskilled personal care aides. It found that approximately 80% of the agencies surveyed treated their aides as independent contractors, and 10% treated them as employees, while 10% did not respond. Subsequently, Options opened offices in Baltimore, Maryland and Richmond, Virginia, and conducted similar surveys in those areas, in both instances with similar results. It continued to survey its competitors at regular intervals after opening for business, again with comparable results.

The IRS concedes that Options has met the "filing and consistency" requirement of § 530, but argues that Options did not reasonably rely on a long-standing industry practice and that, in any case, the aides in question do not fit the common law definition of "independent contractors." Since it is clear, however, that § 530 provides relief regardless of whether a particular common law definition is met, see § 530(a)(2), the sole issue for decision is whether Options' reliance on its survey information was reasonable.

## IV.

■■■ Section 530 of the 1978 Act was enacted to "provide[ ] interim relief to employers who had a 'reasonable basis' for treating their workers as independent contractors." *McClellan v. United States*, 900 F.Supp. 101, 104–05 (E.D.Mich.1995) (summarizing legislative history).[2] Under the "safe-haven" provision, the burden is on the taxpayer to prove a "reasonable basis," but the burden is slight: "The legislative history

---

**2.** Since Congress has never repealed, this "interim" measure, it remains the law of the land.

indicates that 'reasonable basis' should be 'construed liberally in favor of taxpayers.'" *Id.* at 105. Accordingly, courts have held that the taxpayer need only show reasonable reliance by a preponderance of the evidence or some lower standard.[3] Once this prima facie showing is made, the burden of proof shifts to the IRS to verify or refute the showing:

> [A taxpayer's] threshold burden is relatively low, and can be met with any reasonable showing. Once the taxpayer has made this prima facie showing, the burden then shifts to the IRS to verify or refute the taxpayer's explanation.

*Id.* at 107.

██ In the present case, Options has clearly met its burden and the IRS has failed to refute it. In several instances where taxpayers have sought relief pursuant to § 530(a)(2)(C), courts have credited informal surveys of local competitors of the sort Options pursued here. See *Springfield,* 88 F.3d at 750 (taxpayer informally spoke to between 50 to 100 independent used car dealers in the San Diego area, all of whom treated their salespeople as independent contractors); *McClellan,* 900 F.Supp. at 101 (taxpayer's survey consisted of calling other Detroit area businesses engaged in installation of hardwood floors and inquiring as to treatment of hard surface flooring installers); *General Investment Corporation v. United States,* 823 F.2d 337 (9th Cir.1987) (taxpayer's belief, based on practices of prior owner and familiarity with industry practice through role on local trade association, was reasonable).[4]

██ Unanimity of result is not required; the taxpayer need only show that a *significant segment* of the industry follows the practice. *Springfield,* 88 F.3d at 754. In light of the purpose of the statute to provide relief to taxpayers, glossed by the cases, the Court finds as a matter of law that 80% of

the industry is a "significant segment" for purposes of § 530(a)(2)(C).

Options' surveys, then, strongly indicate that a significant segment of the relevant industry treats aides as independent contractors and the IRS stands mute upon rebuttal. Indeed, what data the IRS has been able to assemble only confirms Plaintiff's position. During the 1995 audit, after Options gave IRS a list of more than 30 of its current competitors, IRS conducted its own independent survey, with results that in no way contradicted Options' findings.

Options is entitled to judgment as a matter of law.

A separate Order implementing this Opinion will issue.

---

3. *See e.g. Springfield v. United States,* 88 F.3d 750 (9th Cir.1996) (preponderance). At least one court has held that "a taxpayer's burden in establishing that it falls within the provisions of § 530 is less than a preponderance of the evidence." *McClellan,* 900 F.Supp. at 105.

4. Courts have noted that, while the 1978 Act does not define "industry," the term must be

read in the context of the remedial nature of the Act. *General Investment,* 823 F.2d at 340. In circumstances such as those presented in the instant case, reading the statute to require more than a local survey would make the statute "cumbersome" (both to courts and to taxpayers) and would thus "thwart congressional intent." *Id.*